FILED

2012 MAR -8 PM 12:46

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY:

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

September 2011 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. PRINCE MARTIN MAYELE, Defendant. | CR No. CR 12-00210 |
| | I N D I C T M E N T |
| | [18 U.S.C. § 1349: Conspiracy to Commit Mail Fraud and Wire Fraud; 18 U.S.C. § 1341: Mail Fraud; 18 U.S.C. § 1343: Wire Fraud; 18 U.S.C. § 2(a): Aiding and Abetting] |

The Grand Jury charges:

COUNT ONE

[18 U.S.C. § 1349]

A. INTRODUCTORY ALLEGATIONS

Unless otherwise stated, at all times relevant to this Indictment:

1. Defendant PRINCE MARTIN MAYELE ("MAYELE") owned and operated Du Mmonde Digital Trades Canada ("Du Monde"). Du Monde

EML:eml

was an agent of MoneyGram and, from December 2006 through March 2007, was an agent of Western Union.

2. MoneyGram and Western Union were services that allowed a person to transfer money to another person virtually anywhere in the world. The sender would put the money into the MoneyGram system or Western Union system and provide for the money to be picked up by an identified recipient. According to MoneyGram and Western Union rules, the recipient was required to provide photographic identification and other information in order to obtain the money from a MoneyGram or Western Union outlet.

B. OBJECTS OF THE CONSPIRACY

3. Beginning on a date unknown to the Grand Jury, but at least as early as in or about December 2006, and continuing until in or about July 2009, in Los Angeles, Riverside, and San Beranardino Counties, within the Central District of California, and elsewhere, defendant MAYELE, together with others known and unknown to the Grand Jury, knowingly combined, conspired, and agreed with each other to commit the following offenses against the United States:

    a. Mail fraud, in violation of Title 18, United States Code, Section 1341; and

    b. Wire fraud, in violation of Title 18, United States Code, Section 1343.

C. THE MANNER AND MEANS OF THE CONSPIRACY

4. The objects of the conspiracy were carried out, in substance, as follows:

    a. Defendant MAYELE and other co-conspirators,

operating in Canada, would contact victims throughout the United States by various means, including mail and telephone. Defendant MAYELE and other co-conspirators would then falsely and fraudulently induce the victims to send money via the MoneyGram system through the following fraudulent devices, among others:

   i. Defendant MAYELE or a co-conspirator would contact a victim and make fraudulent representations as follows:

    A. Defendant MAYELE or a co-conspirator would claim that such victim had won a lottery or sweepstakes. Defendant MAYELE or the co-conspirator falsely and fraudulently would tell the victim that in order to obtain his or her winnings, the victim had to send money, through MoneyGram, Western Union or otherwise, to pay for taxes, fees, and other purported expenses. Defendant MAYELE or the co-conspirator would fraudulently inform the victim that the victim would not be able to receive the promised winnings if he or she did not send the money as instructed.

    B. Defendant MAYELE or a co-conspirator would claim that such victim had been selected as a "mystery shopper" or "secret shopper." Defendant MAYELE or the co-conspirator would instruct the victim to conduct shopping tasks, including sending money through MoneyGram or Western Union, purportedly to evaluate the services provided by the MoneyGram or Western Union outlet from which the victim sent funds, the store in which the MoneyGram or Western Union outlet was located, or other related services. Defendant MAYELE or the co-conspirator often would provide forms for the victim to fill out, supposedly

to evaluate the services provided.

ii. In many instances, to further the scheme, defendant MAYELE or a co-conspirator would send a check to the victim (which check the victim would later learn was fraudulent) and instruct the victim to deposit the check into the victim's bank account and to use the funds from the check either to pay the purportedly necessary lottery expenses or to use for the mystery shopping expenses. For the purported mystery shoppers, defendant MAYELE or the co-conspirators would falsely and fraudulently tell the victim that the difference between the amount of the check and the amount to be sent through MoneyGram or Western Union was to be the victim's salary.

iii. In many instances, the mail sent to the victims would instruct the victims to contact a representative at a given telephone number, which was virtually always outside the United States. When the victims called the telephone number, they would reach defendant MAYELE or a co-conspirator who would repeat and elaborate on the false and fraudulent statements, representations, and promises made in the letters sent to the victims.

b. When victims sent funds by MoneyGram or Western Union, defendant MAYELE and other co-conspirators would arrange for those funds to be converted to cash for the benefit of defendant MAYELE and other co-conspirators in the following ways, among others:

i. Defendant MAYELE and other co-conspirators would receive directly from the victim or via one of the co-

conspirators the transaction number or other information associated with a transfer of funds initiated by a victim.

   ii.   Using the transaction number or other information provided by the victim, defendant MAYELE, other co-conspirators, and individuals acting at defendant MAYELE's direction, would fraudulently retrieve the funds from the MoneyGram or Western Union system at Du Monde and elsewhere by inputting the transaction numbers and other information provided by the victims, thereby falsely assuming the identity of the intended recipient, in contravention of the rules and policies of MoneyGram and Western Union.

   c.   In order to conceal their participation in the conspiracy and scheme to defraud, defendant MAYELE and other co-conspirators would complete MoneyGram and Western Union records with false information to make it appear as if the authorized recipient listed on the MoneyGram or Western Union transfer, rather than defendant MAYELE, another co-conspirator, or an individual acting at defendant MAYELE's direction, had actually retrieved the money from the MoneyGram or Western Union system.

   d.   In some instances, after a victim sent money to defendant MAYELE and other co-conspirators, defendant MAYELE or the co-conspirators would repeatedly re-solicit the victim and induce him or her to send additional money for a variety of bogus reasons.

   e.   In most instances, following the victim's deposit of the check sent by defendant MAYELE or other co-conspirators into the victim's bank accounts and the victim's transfer of

funds through MoneyGram or Western Union, the victim's bank would determine that the check was fraudulent, and would reverse the deposit by debiting the victim's account in the amount of the check.

f. Virtually none of the victims ever received any money or other thing of value from defendant MAYELE or any of the other co-conspirators.

5. Through the means described above, defendant MAYELE and the other co-conspirators falsely and fraudulently induced almost 150 victims to send more than $350,000, which defendant MAYELE, other co-conspirators, and individuals acting at defendant MAYELE's direction retrieved from the MoneyGram and Western Union at Du Monde and elsewhere.

C. <u>OVERT ACTS</u>

6. In furtherance of the conspiracy, and to accomplish its objects, defendant MAYELE, together with other co-conspirators known and unknown to the Grand Jury, committed and willfully caused others to commit the following overt acts, among others, within the Central District of California and elsewhere.

<u>OVERT ACT 1</u>: On or about March 26, 2007, defendant MAYELE and/or a co-conspirator sent a letter to victim B.C. in Highland, California, USA, falsely and fraudulently informing him that he had won money, and enclosing a fraudulent check.

<u>OVERT ACT 2</u>: On or about April 6, 2007, defendant MAYELE, a co-conspirator, and/or an individual acting at defendant MAYELE's direction, at Du Monde, in Vancouver, British Columbia, Canada, withdrew from the MoneyGram system a wire

transfer of $2,940 that had been sent by victim B.C. from Highland, California, USA.

OVERT ACT 3: On or about April 7, 2007, defendant MAYELE, a co-conspirator, and/or an individual acting at defendant MAYELE's direction, at Du Monde, in Vancouver, British Columbia, Canada, withdrew from the MoneyGram system a wire transfer of $1,700 that had been sent by victim B.C. from Highland, California, USA.

OVERT ACT 4: On or about May 7, 2007, defendant MAYELE and/or a co-conspirator sent a letter to victim B.E. in Van Nuys, California, USA, falsely and fraudulently informing him that he had won money, and enclosing a fraudulent check.

OVERT ACT 5: On or about May 14, 2007, defendant MAYELE, a co-conspirator, and/or an individual acting at defendant MAYELE's direction, at Du Monde, in Vancouver, British Columbia, Canada, withdrew from the MoneyGram system a wire transfer of $2,850 that had been sent by victim B.E. from Porter Ranch, California, USA.

OVERT ACT 6: On or about June 25, 2008, defendant MAYELE, a co-conspirator, and/or an individual acting at defendant MAYELE's direction, at Du Monde, in Vancouver, British Columbia, Canada, withdrew from the MoneyGram system a wire transfer of $1,000 that had been sent by victim C.C. from Riverside, California, USA.

OVERT ACT 7: On or about August 4, 2008, defendant MAYELE and/or a co-conspirator sent a letter to victim R.V. in Los Angeles, California, USA, falsely and fraudulently informing

him that he had won money, and enclosing a fraudulent check.

<u>OVERT ACT 8</u>: On or about August 5, 2008, a co-conspirator in British Columbia, Canada, using the name "Susan James," spoke by telephone with victim R.V. in Los Angeles, California, USA, regarding the letter and check sent to victim R.V. on or about August 4, 2008.

<u>OVERT ACT 9</u>: On or about August 6, 2008, a co-conspirator, in Nanaimo, British Columbia, Canada, withdrew from the MoneyGram system a wire transfer of $3,980 that had been sent by victim R.V. from Los Angeles, California, USA.

<u>OVERT ACT 10</u>: On or about August 8, 2008, a co-conspirator in British Columbia, Canada, using the name "Susan James," spoke by telephone with victim R.V. in Los Angeles, California.

<u>OVERT ACT 11</u>: On or about August 8, 2008, a co-conspirator, in Vancouver, British Columbia, Canada, withdrew from the MoneyGram system a wire transfer of $1,500 that had been sent by victim R.V. from Los Angeles, California, USA.

<u>OVERT ACT 12</u>: On or about October 21, 2008, defendant MAYELE and/or a co-conspirator sent a letter to victim L.D. in Adelanto, California, USA, falsely and fraudulently informing L.D. that L.D. had been selected to be a mystery shopper, and enclosing a fraudulent check.

<u>OVERT ACT 13</u>: On or about October 22, 2008, a co-conspirator in Vancouver, British Columbia, Canada, withdrew from the MoneyGram system a wire transfer of $1,450 that had been sent by victim L.D. from Adelanto, California, USA.

COUNTS TWO THROUGH SIX

[18 U.S.C. §§ 1341, 2(a)]

A. INTRODUCTORY ALLEGATIONS

7. The Grand Jury hereby realleges and incorporates by reference paragraphs one through six of this Indictment.

B. SCHEME TO DEFRAUD

8. Beginning on a date unknown to the Grand Jury, but at least as early as in or about December 2006, and continuing until in or about July 2009, in Los Angeles, Riverside, and San Bernardino Counties, within the Central District of California, and elsewhere, defendant MAYELE, together with others known and unknown to the Grand Jury, knowingly and with intent to defraud, devised, participated in, and executed a scheme to defraud victims as to material matters, and to obtain money and property from such victims by means of material false and fraudulent pretenses, representations, and promises, and the concealment of material facts.

9. The scheme to defraud operated, in substance, in the manner set forth in paragraphs four through six of this Indictment, which are realleged and incorporated by reference herein.

C. USE OF THE MAILS

10. On or about the following dates, within the Central District of California and elsewhere, defendant MAYELE, for the purpose of executing and attempting to execute the above-described scheme to defraud, caused the following items to be placed in an authorized depository for mail matter to be sent and

delivered by the United States Postal Service according to the directions thereon, and deposited these items to be sent and delivered by commercial interstate carrier according to the directions thereon:

| COUNT | DATE | ITEM SENT |
|---|---|---|
| TWO | March 26, 2007 | Letter and fraudulent check sent to victim B.C. in Highland, California, USA |
| THREE | April 30, 2007 | Letter sent to "David Lopez" at "La Prima Financial Group" by victim B.C.'s wife in Highland, California, USA |
| FOUR | May 7, 2007 | Letter and fraudulent check sent to victim B.E. in Van Nuys, California, USA |
| FIVE | August 4, 2008 | Letter and fraudulent check sent to victim R.V. in Los Angeles, California, USA |
| SIX | October 21, 2008 | Letter and fraudulent check sent to victim L.D. in Adelanto, California, USA |

////

////

////

////

////

////

COUNTS SEVEN THROUGH FIFTEEN

[18 U.S.C. §§ 1343, 2(a)]

A. INTRODUCTORY ALLEGATIONS

11. The Grand Jury hereby realleges and incorporates by reference paragraphs one through six of this Indictment.

B. SCHEME TO DEFRAUD

12. Beginning on a date unknown to the Grand Jury, but at least as early as in or about December 2006, and continuing until in or about July 2009, in Los Angeles, Riverside, and San Bernardino Counties, within the Central District of California, and elsewhere, defendant MAYELE, together with others known and unknown to the Grand Jury, knowingly and with intent to defraud, devised, participated in, and executed a scheme to defraud victims as to material matters, and to obtain money and property from such victims by means of material false and fraudulent pretenses, representations, and promises, and the concealment of material facts.

13. The scheme to defraud operated, in substance, in the manner set forth in paragraphs four through six of this Indictment, which are realleged and incorporated by reference herein.

C. USE OF THE WIRES

14. On or about the following dates, within the Central District of California and elsewhere, defendant MAYELE, for the purpose of executing and attempting to execute the above-described scheme to defraud, transmitted and caused the transmission of the following items by means of wire

communication in interstate and foreign commerce:

| COUNT | DATE | DESCRIPTION |
|---|---|---|
| SEVEN | April 6, 2007 | $2,940 wire transfer by MoneyGram from victim B.C. in Highland, California, received by Du Monde, in Vancouver, British Columbia, Canada |
| EIGHT | April 7, 2007 | $1,700 wire transfer by MoneyGram from victim B.C. in Highland, California, USA, received by Du Monde in Vancouver, British Columbia, Canada |
| NINE | May 14, 2007 | $2,850 wire transfer by MoneyGram from victim B.E. in Porter Ranch, California, received by Du Monde, in Vancouver, British Columbia, Canada |
| TEN | June 25, 2008 | $1,000 wire transfer by MoneyGram from victim C.C. in Riverside, California, USA, received by Du Monde in Vancouver, British Columbia, Canada |
| ELEVEN | August 5, 2008 | Telephone conversation between "Susan James," in British Columbia, Canada, and victim R.V. in Los Angeles, California, USA |
| TWELVE | August 6, 2008 | $3,980 wire transfer by MoneyGram from victim R.V. in Los Angeles, California, USA, received in Nanaimo, British Columbia, Canada |
| THIRTEEN | August 8, 2008 | Telephone conversation between "Susan James" in British Columbia, Canada, and victim R.V. in Los Angeles, California, USA |
| FOURTEEN | August 8, 2008 | $1,500 wire transfer by MoneyGram from victim R.V. in Los Angeles, California, USA, received in Vancouver, British Columbia, Canada |

| COUNT | DATE | DESCRIPTION |
|---|---|---|
| FIFTEEN | October 22, 2008 | $1,450 wire transfer by MoneyGram from victim L.D. in Adelanto, California, USA, received in Vancouver, British Columbia, Canada |

A TRUE BILL

/s/

Foreperson

ANDRÉ BIROTTE JR.
United States Attorney

ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division

BEONG-SOO KIM
Assistant United States Attorney
Chief, Major Frauds Section

ELLYN MARCUS LINDSAY
Assistant United States Attorney
Major Frauds Section